UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| DERRICK STEELE, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 5:23-CV-154-REW-MAS |
| v. | ) | |
| | ) | JUDGMENT |
| CITY OF HARRODSBURG, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Following Plaintiffs' conclusion of proof at the jury trial for this matter and pursuant to Defendants' motion under Rule 50(a), the Court dismissed the individual defendants as parties and dismissed the defamation claim against Defendant City of Harrodsburg, by and through its Board of Commissioners, with prejudice. After Defendant concluded its proof, the Court submitted the remaining case to the jury. The jury deliberated and returned its verdict. In accordance with its prior rulings and the jury's verdict, the Court **ORDERS** and **ADJUDGES** as follows:

1. Judgment on all claims is entered in favor of the individual defendants (Mayor Scott Mosely, Commissioner Kerry Anness, Commissioner Marvin Isham, Commissioner Charlie Mattingly, and Commissioner Missy Banks), and those parties are **DISMISSED WITH PREJUDICE**;

2. Judgment is entered in favor of Defendant City of Harrodsburg, by and through its Board of Commissioners, on the defamation claim (Count III), and that claim is **DISMISSED WITH PREJUDICE**;

3. Judgment is entered in favor of Plaintiffs Derrick Steele and Jamie Bottom, individually, against Defendant City of Harrodsburg, by and through its Board of

      Commissioners, on the 42 U.S.C. § 1983 claim (Counts I and II, merged for purposes of trial);

4. Judgment is entered in favor of Derrick Steele and Jamie Bottom, individually, against Defendant City of Harrodsburg, by and through its Board of Commissioners, on the wrongful termination claim (Count IV);

5. Plaintiffs shall individually recover against Defendant City of Harrodsburg, by and through its Board of Commissioners, as an integrated total for overlapping compensatory damages attributable to all claims, a total of $500,000.00 each;

6. Said amount, in ¶ 5, shall bear post-judgment interest at the legal rate;

7. The Court reserves for post-verdict motions the issue of attorney fees and other remedial issues occasioned by the judgment, including Plaintiffs' claimed right to reinstatement;

8. The parties shall file such post-verdict motions (to include any attorney fee or equitable relief motions) within **fourteen (14) days** of entry of this Judgment;

9. Given the anticipated post-verdict fee and remedial issues, and the fact that Plaintiffs' right to and demand for reinstatement is, in light of the verdict, not yet adjudicated, the Court enters this as a **non-final** judgment;

10. Costs shall be allowed to Plaintiffs, the prevailing parties, per Rule 54(d)(1); and

11. Either on the passage of time without motions or on resolution of such motions, the Court will enter a final judgment at the apt time. Any party may prompt a finality ruling by proper separate motion.

This the 18th day of July, 2025.



Signed By:
*Robert E. Wier*
**United States District Judge**